Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Telephone: (516) 303-0552

United States District Court
Eastern District of New York                           1:20-cv-03717

| | |
|---|---|
| Kalman Rosenfeld, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Complaint |
| Trader Joe's Company, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Trader Joe's Company ("defendant") manufactures, distributes, markets, labels and sells crackers purporting to consist exclusively of a 12 grain blend under its Trader Joe's brand ("Product").

2.     The Product – "12 Grain Mini Snack Crackers"– is available to consumers from defendant's retail stores and website and is an sold in boxes of 10 OZ (284g).



3.    The representations are misleading because the Product contains: (1) a de minimis amount of the 12 grain blend, (2) less of the 12 grain blend than consumers expect and (3) predominantly of enriched white flour.

4.    This is revealed through the fine print of the ingredient list, indicating "enriched flour" is the predominant flour, listed far ahead of the 12 grain blend ("Multigrain Flour Blend").



**INGREDIENTS:** ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMIN MONONITRATE, RIBOFLAVIN, FOLIC ACID), SUNFLOWER OIL, SUGAR, SCOTCH OATMEAL, INULIN, RYE FLOUR, MULTIGRAIN FLOUR BLEND (WHEAT, RYE, TRITICALE, BARLEY, CORN, MILLET, SOYBEAN, SUNFLOWER SEEDS, RICE, FLAX, DURUM WHEAT, OATS), WHEAT GERM, MODIFIED CORN STARCH, SALT, INVERT SYRUP, SODIUM BICARBONATE, ONION POWDER, MALT FLOUR, MONOCALCIUM PHOSPHATE, ENZYMES.

5.    The name "12 Grain Mini Snack Crackers" is misleading because it suggests and identifies one of the ingredients – the 12 grain blend – yet  fails to disclose another more predominant ingredient, like refined white flour. 21 C.F.R. § 101.18(b).

6.    The Product's "common or usual name" does not include the percentage of the characterizing 12 grain blend ingredient, even though the proportion of this ingredient "has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that" more of the 12 grain blend is present in

an amount greater than is actually the case. 21 C.F.R. § 102.5(b).

7.     Consumers seek out products which contain flours other than enriched white flour, for reasons related to health, wellness and nutrition and to avoid negative health effects associated with white refined flour.

8.     Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiffs and consumers.

9.     Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiffs.

10.    The value of the Product that plaintiffs purchased and consumed was materially less than its value as represented by defendant.

11.    Had plaintiffs and class members known the truth, they would not have bought the Product or would have paid less for them.

12.    As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.89 for boxes of 10 OZ (284g), excluding tax, compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

13.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

14.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

15.    Plaintiff Kalman Rosenfeld is a citizen of New York.

16.    Defendant Trader Joe's Company, is a California corporation with a principal place of business in Monrovia, Los Angeles County, California and is a citizen of California.

17.    "Minimal diversity" exists because plaintiff Kalman Rosenfeld and defendant are citizens of different states.

18.    Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

19.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of Plaintiff to purchase the Product and the misleading representations and/or their recognition as such.

20.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

Parties

21.    Plaintiff is a citizen of Brooklyn, Kings County, New York.

22.    Defendant Trader Joe's Company is a California corporation with a principal place of business in Monrovia, California, Los Angeles County.

23.    Defendant operates over five hundred (500) grocery stores in the U.S., with several dozen in New York.

24.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal and household consumption and/or use in reliance on the representations identified herein.

25.    Plaintiff purchased the Product on multiple occasions, including on or around November 24, 2019 at Trader Joe's, 130 Court St, Brooklyn, NY 11201.

26.    Plaintiff bought the Product at or exceeding the above-referenced prices because she liked the product for its intended use, expected it to consist exclusively or predominantly of a 12

grain flour blend and have no, or a minimal amount of enriched white flour.

27.    Plaintiff was deceived by and relied upon the Product's deceptive labeling.

28.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

29.    The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

30.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's label is consistent with the Product's ingredients.

<u>Class Allegations</u>

31.    The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

32.    Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

33.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

34.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

35.    Plaintiff is an adequate representatives because her interests do not conflict with other members.

36.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

37.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

38.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

39.     Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL"), §§ 349 & 350
### (Consumer Protection Statutes)

40.     Plaintiff incorporates by reference all preceding paragraphs.

41.     Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

42.     Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

43.     Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

44.     The amount and proportion of the characterizing component, the 12 grain blend, has a material bearing on price and consumer acceptance of the Product.

45.     The front label omits qualifying terms required to modify a characterizing ingredients' representation in the Product which is misleading.

46.     Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

47.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

48.     Plaintiff incorporates by reference all preceding paragraphs.

49.     Defendant misrepresented the substantive, quality, compositional, organoleptic

and/or nutritional attributes of the Product.

50.     The amount and proportion of the characterizing component, the 12 grain blend, has a material bearing on price and consumer acceptance of the Product.

51.     The front label omits qualifying terms required to modify a characterizing ingredients' representation in the Product which is misleading.

52.     Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

53.     This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

54.     The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

55.     Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

56.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

57.     Plaintiff incorporates by reference all preceding paragraphs.

58.     The Product were manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

59.     The amount and proportion of the characterizing component, the 12 grain blend, has

a material bearing on price and consumer acceptance of the Product.

60.    The front label omits qualifying terms required to modify a characterizing ingredients' representation in the Product which is misleading.

61.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

62.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

63.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

64.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

65.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

66.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

67.    Plaintiff incorporates by reference all preceding paragraphs.

68.    The amount and proportion of the characterizing component, the 12 grain blend, has a material bearing on price and consumer acceptance of the Product.

69.    The front label omits qualifying terms required to modify a characterizing ingredients' representation in the Product which is misleading.

70.    Defendant's fraudulent intent is evinced by its failure to accurately identify the

Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

71.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

72.   Plaintiff incorporates by reference all preceding paragraphs.

73.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   August 14, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-03717
United States District Court
Eastern District of New York

Kalman Rosenfeld, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Trader Joe's Company,

Defendant

## Complaint

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  August 14, 2020

/s/ Spencer Sheehan
Spencer Sheehan